UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MARK CLINTON JOHNSON**                                                                 **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:21-CV-P89-JHM**

**ALEX PIPER** *et al.*                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

**I.**

Plaintiff Mark Clinton Johnson sues four officers employed by the Muhlenberg County Sheriff's Department – Alex Piper, Josh Beatty, Wade Shoemaker, and Will Ward. Plaintiff sues these Defendants in their official capacities only.

Plaintiff makes the following allegations *in toto*:

On January 18, 2021, I was at my home at Brians Lake. I lived in a camper there. As I'm in the shower I hear someone beating on my door. Well I'm in the shower so I couldn't just up and run out and answer the door. So my doors start getting pulled on like someone was attempting to break them off at the hinges. So at this point I'm quiet and scared. As I figure out its the sheriffs dept. I still don't open the door because I'm in shock. Anyways they can't get my doors to open so eventually they break out a screen in my window and somehow make entry that way. However it was it sounded like a shotgun going off. I am wondering what I done for them to come through my window as they did. Each one of these sheriffs gamed entry into the place I'm living in. They tore it apart looking for what I'm not sure; they never told me.

Each one of the Sheriffs that came in; none of them had warrants for my arrest or search warrant. I am not on probation/parole either.

I believe my constitutional right of illegal search and seizure has been violated.

As relief, Plaintiff seeks "release from jail."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants work as officers for the Muhlenberg County Sheriff's Department, Plaintiff's official-capacity claims against them are actually against Muhlenberg County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Muhlenberg County. Rather, it appears that it was an isolated occurrence affectingly only Plaintiff. Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Injunctive Relief

As relief, Plaintiff seeks "release from jail." However, release from incarceration cannot be sought in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").[1]

### C. Amended Complaint

Before dismissing this action for the reasons stated above, the Court will provide Plaintiff the opportunity to amend his complaint to sue Defendants in their individual capacities and to seek damages as relief. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

**IT IS FURTHER ORDERED** that within **30 days** of entry of this Order, **Plaintiff may file an amended complaint in which he 1) sues Defendants Piper, Beatty, Shoemaker, and Ward in their individual capacities; 2) describes the actions taken by each of these Defendants; and 3) indicates that he seeks damages in this action.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number written in the caption for Plaintiff's use should he decide to file an amended complaint.

If Plaintiff fails to file an amended complaint within the time allotted, the Court will dismiss this action for the reasons set forth above.

Date: October 22, 2021

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Muhlenberg County Attorney
4414.011