UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00089-JHM

MARK CLINTON JOHNSON                                                                                  PLAINTIFF

V.

ALEX PIPER, *et al*.                                                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Mark Clinton Johnson's Motion for Summary Judgment [DN 25]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND

According to the Amended Complaint, the Muhlenberg County Sherriff's Department executed a search on Plaintiff Mark Johnson's residence on January 18, 2021, claiming there was stolen property on the premises. [DN 7]. Upon entering the property, the deputies "took many things on the inside and outside of [Johnson's] place." [*Id.*]. Johnson was then "charged with a crime and arrested…." [*Id.*]. Johnson filed a *pro se* Complaint and Amended Complaint against Defendants Alex Piper, Josh Beatty, Wade Shoemaker, and Will Ward in their individual and official capacities alleging that his Fourth Amendment right to be free from unreasonable searches and seizures had been violated. [*Id.*] Upon completion of its initial screening of the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the official capacity claims but permitted the individual capacity claims to continue. [DN 8].

Johnson now moves for summary judgment, claiming that Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. [DN 25]. Johnson asserts

that the search was unreasonable because the Sheriff's Department did not have a search warrant. [*Id.*]. In response, Defendants ask the Court to deny Plaintiff's motion. In support of their opposition, Defendants submit evidence that Plaintiff had previously agreed to "consent to law enforcement requests for any probable cause searches of his residence" per a 120-day Home Incarceration Order from the Muhlenberg District Court. [DN 27]. Defendants further claim that law enforcement established probable cause for the search via ankle monitor data and observations made by officers regarding alleged stolen property on Plaintiff's premises. [*Id.*].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in

support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

### III. DISCUSSION

Johnson moves for summary judgment based on alleged Fourth Amendment violations during the search and seizure of his property and the arrest of his person. The Fourth Amendment ensures, in relevant part, that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. When a search is executed "without a warrant issued upon probable cause," it is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). One of these exceptions is a search executed after gaining consent. *Id*.

"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was . . . freely and voluntarily given." *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968). Further, whether consent is "voluntarily" given is a question of fact "to be determined from all the circumstances." *Bustamonte*, 412 U.S. at 249.

Viewing the facts in the light most favorable to Defendants, a reasonable juror could find that Defendants' warrantless entry into Johnson's home was constitutional. The record reflects that Johnson consented to "law enforcement requests for any probable cause searches of [his]

3

residence" by signing the 120-day Home Incarceration Order of Muhlenberg District Court. [DN 27-1]. This order was agreed to "in lieu of his 60-day jail sentence." [DN 27]. Therefore, consent to probable cause searches was voluntarily given.

Additionally, evidence currently suggests that law enforcement had probable cause to search the residence as required by the Home Incarceration Order agreement. Probable cause is established when there is "a nexus between the place to be searched and the evidence sought." *U.S. v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). Defendants submitted evidence that ankle-monitor data showed Johnson at the location where property was stolen and that law enforcement officers observed the stolen property at his premises. [DN 27-2]. In light of this evidence, Johnson has failed to prove that there is "no genuine dispute as to any material fact" as to the alleged Fourth Amendment violation to justify summary judgment. Fed. R. Civ. P. 56(a). Thus, summary judgment on the merits is denied.

Moreover, it would appear to the Court that Johnson's Fourth Amendment claims *may* be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as state court records and Johnson's Amended Complaint [DN 7 at 5] suggest that he is currently awaiting an appeal of a state case which arose from the search of his premises. *Wallace v. Kato*, 549 U.S. 384, 395 n. 5 (2007) ("a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and . . . if it does it must, under *Heck*, be dismissed."); *see also Jackson v. Palmer*, No. 5:15-CV-00066, 2018 WL 912274, at *3 (W.D. Ky. Feb. 15, 2018) (discussing *Heck* and the doctrine of collateral estoppel). As noted by the Supreme Court in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, … a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. 477, 486–87 (1994). The record does not indicate that any of these have occurred in the pending state appellate court case.

While Defendants, in their response to Plaintiff's Motion for Summary Judgment, indicate their intent to file a motion for summary judgment [DN 27], they have yet to do so. All dispositive motions were to be filed "no later than May 4, 2022." [DN 8]. Should Defendants decide to file a dispositive motion, it must accompany a motion for leave to do so pursuant to LR 7.1(b).

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [DN 25] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 27, 2022

cc: Mark Clinton Johnson, *pro se*
Counsel of Record

5